IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,495-02






EX PARTE RICHARD MCBRAYER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1043288D IN THE 297TH DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
on a public servant and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

 On August 17, 2009, the trial court amended the judgment and sentence in this cause and
ordered that $6,875.00 in attorney's fees be added and paid by Applicant as court costs. In this order,
the trial court also recommended that any unpaid amounts be added as a condition of Applicant's
parole. Applicant contends that the trial court erred in entering this order because it failed to
determine whether he could pay the attorney's fees. Applicant also contends that trial counsel failed
to object to this order. The trial court made findings of fact and conclusions of law and
recommended that we delete from the judgment the requirement that the attorney's fees be added
and paid by Applicant as court costs. It also recommended that we add the trial court's
recommendation to the judgment that Applicant pay the attorney's fees and court costs as a condition
of his parole. 

 We believe that the record should be further developed. Applicant has alleged facts that, if
true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to when, if at all, Applicant and trial
counsel received notice of the August 17 order. The trial court shall then make findings as to whether
it would have granted Applicant permission to appeal had he and trial counsel received notice of the
August 17 order. Finally, the trial court shall make findings and conclusions as to whether trial
counsel's performance was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 24, 2011

Do not publish